CARROLL, ADAMS & NEER *v.* MOSES HAYWOOD.

Where it is suggested in the Superior Court, that a certain case called for trial, was to abide the result in another case that had been determined in that Court : *Held*, that the finding by the Judge, in favor of the suggestion, can not be reviewed upon appeal.

(*State Bank* v. *Knox*, 2 Dev. 107, approved.)

ATTACHMENT, vacated, upon motion, by *Buxton, J.*, at Spring Term 1870, of CUMBERLAND Court.

The facts are stated in the Opinion.

The plaintiffs appealed.

*T. C. Fuller* and *Phillips & Merrimon*, for the appellants. *Strange* and *N. McKay, contra.*

SETTLE, J.   It appears that attachments sued out by five different parties, were levied upon the same goods, on the same day, and were returned to the same term of the County Court, to-wit : at March Term 1867; that at the same term, Moses Haywood filed a petition to be allowed to interplead, on the ground that the goods attached were his property; that the petition was entitled in the case of *Wm. Devries & Co.*, v. *E. L. Phillips*, but service thereof was accepted by the plaintiffs in the present case, and also by the plaintiffs in three other cases, under the control of the same counsel, that only one bond was filed by the interpleader, referring to and securing all these claims, and which was accepted by the Court, and Haywood allowed to interplead in all the cases.

Although all of the five cases were set for trial on the same day, no substantial steps were taken in any of them, save in the case of *Devries & Co.*, v. *Haywood, ante*, 83, which after repeated trials, was determined in favor of the interpleader.

At the last term of the Superior Court of Cumberland, a question arose as to whether the suit of Carroll, Adams & Neer was to abide the decision of the suit of Devries & Co., or not.

His Honor held that such was the agreement in the case of Carroll, Adams & Neer, and also in the other cases of attachment levied at the same time, and entered judgments in all of them accordingly.

From this ruling, the plaintiffs appeal to this Court. The facts are fully set forth in his Honor's statement of the case, and we may say that we think they fully warrant the conclusion at which he arrived. This, however, was a question purely for the determination of the Superior Court, and we will not look behind the facts there found.

It is competent for a Court to suspend proceedings in several actions where it is manifest that precisely the same point is to be tried in all of the actions : 3 Chitty, Pr. 644.

Here the Court did not exercise a compulsory jurisdiction, but the ruling of his Honor amounts to a finding of the fact, that the parties did, by agreement, suspend proceedings in all the cases, save that of Devries & Co., with the understanding that the others should abide the result of the trial in that case.

Where an agreement was made that one of two similar suits should abide the event of the other, it was held, upon a dispute as to the terms of that agreement, that the decision of the Judge of the Superior Court thereon, was conclusive, and a judgment according to the facts ascertained by him, was affirmed : *State Bank* v. *Knox,* 2 Dev. 107.

PER CURIAM.                              Judgment affirmed.